IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| JOSE LUIS YANEZ,<br>08898-026, | )<br>)<br>)<br>) |  |
| Plaintiff, | )<br>) |  |
| v. | )<br>) | 12-CV-39-MJR |
| P. LONG, S.O.I., Greenville, FCI | )<br>)<br>) |  |
| Defendants. | )<br>)<br>)<br>)<br>)<br>) |  |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court for threshold review of the Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, who is incarcerated at Federal Correctional Center, Greenville, Illinois, asserts that he has been subject to a pattern of discrimination while employed in Unicor Prison Industries.

In his first claim, which the Court will refer to as "Count 1," Plaintiff asserts that he has been employed in the federal prison industries at Greenville for approximately 20 years and has been trained on operating various machines, and has trained others. He asserts that he had been at the highest level pay grade, Grade Level 1, but recently was dropped to Grade Level 2 without warning or notice. He asserts that his demotion is part of planned discrimination against him due to age and race, and the fact that he has earned seniority in pay. He asserts that the action of demoting him is in violation of his equal protection rights.

In his second claim, "Count 2," Plaintiff asserts that in March of 2011 he was laid off from work for Unicor after he sought administrative remedies for the prior demotion. He asserts that the loss of his Unicor job was in retaliation for filing his administrative grievance.

Plaintiff seeks injunctive relief as well as general and punitive damages.

**THRESHOLD REVIEW**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if. . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir.1999) (quoting 28 U.S.C. § 1915A(b)(1)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this case, the Court **FINDS** that the Plaintiff has alleged sufficient facts to pass threshold review. Although inmates have no right to a particular job assignment while they are incarcerated, *See, e.g. James v. Quinlan*, 866 F.2d 627, 630 (3d Cir.1989), prison officials cannot discriminate against an inmate by making a job assignment on the basis of race. *Cruz v. Beto*, 405 U.S. 319, 321 (1972). Therefore, an allegation of racial discrimination in prisons is

sufficient to raise a claim for violation of an inmate's constitutional guarantee of equal protection of the law. *Black v. Lane*, 824 F.2d 561, 562 (7th Cir.1987) (Racial discrimination in assignment of prison jobs alleged by African-American inmate stated cause of action for violation of equal protection rights).

**ACCORDINGLY**, the Clerk of Court shall prepare for Defendant P. Long, Superintendent of Industries: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this Order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATE:   August 23,  2012**

   **s/ *MICHAEL J. REAGAN***
United States District Judge